PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANNIX D. CHEERS, | ) | |
| | ) | CASE NO. 1:12CV2728 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| ACTING COMMISSIONER OF | ) | **MEMORANDUM OF OPINION** |
| SOCIAL SECURITY, | ) | **AND ORDER RE: AFFIRMING** |
| | ) | **COMMISSIONER'S DECISION** |
| Defendant. | ) | [Resolving ECF No. 18] |

An Administrative Law Judge ("ALJ") denied Mannix D. Cheers's application for disability insurance ("DIB") benefits and supplemental security income ("SSI") benefits after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge James R. Knepp II for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the Magistrate Judge submitted a Report and Recommendation (ECF No.17) recommending that the Commissioner's decision be affirmed.

---

[1] Michael J. Astrue was the original defendant. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25 (d), Colvin's name has been automatically substituted as a party.

**I.**

When the Magistrate Judge submits a Report, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to

reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

**II.**

The Court has reviewed the Report and Recommendation (ECF No.17) of the magistrate judge *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 18) and Defendant's Response (ECF No. 19). The Court finds that Plaintiff's Objections (ECF No. 18) raise no arguments (factual or legal) that have not been fully addressed by the magistrate judge's Report and Recommendation (ECF No.17). The Court agrees with the magistrate judge that the administrative record contains substantial evidence to support the ALJ's: (1) Residual Functional Capacity ("RFC") assessment that Plaintiff can "interact with others on a superficial

basis" and restricted Plaintiff to "routine tasks with no high production standards or quotas" (ECF No. 12 at PageID #: 84); (2) decision to give limited weight to the opinion of consultative psychologist Ronald G. Smith, Ph.D.; (3) RFC assessment and hypothetical questions posed to the vocational expert ("VE") regarding Plaintiff's "moderate" deficit in concentration, persistence or pace; and (4) decision to afford the opinion of Plaintiff's treating psychiatrist, Byong Ahn, M.D., limited weight.

**A. RFC Assessment**

Plaintiff argues that, without discussion, the ALJ inconsistently omitted from the RFC assessment the restrictions to "no public contact" and no "strict time/production demands" that were assigned by the state agency's medical consultants, Kristen Haskins, Psy.D. and Robyn Hoffman, Ph.D., whose opinions the ALJ adopted. ECF No. 18 at PageID #: 512-515.

The Court agrees with the magistrate judge that: (1) based on the relevant record, substantial evidence supports the ALJ's RFC determination with respect to Plaintiff's assessed limitations in social functioning; and (2) the ALJ adequately accounted for Plaintiff's assessed limitations concerning concentration, persistence, and pace. ECF No. 17 at PageID #: 502.

The RFC and the medical opinion need not be identical and should not be equated. *See* SSR 96-5p, 1996 WL 374183, at *5 ("Although an adjudicator may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment."). *Behnke v. Commissioner of Social Sec.*, No. 1:10CV2105, 2011 WL 5519856, at *2 (N.D. Ohio Nov. 10,

2011) (Adams, J.). The ALJ properly took into account the medical evidence and developed a proper RFC. Accordingly, Plaintiff's first objection is overruled.

**B. Agency Examiner Dr. Smith**

Next, Plaintiff argues that, without discussion, the ALJ rejected the opinions of agency consultative examiner Dr. Smith that claimant was limited in performing even routine tasks and handling the stress of even day-to-day work activity; such lack of explanation violated SSRs 96-5p, 1996 WL 374183, and 96-8p, 1996 WL 374184. ECF No. 18 at PageID #: 515-517.

On January 26, 2009, Dr. Smith performed a one-time consultative psychological examination of Plaintiff. ECF No. 12 at PageID #: 369-75. Dr. Smith concluded Plaintiff "would appear to be moderately impaired in his ability to relate to others[,] including fellow workers, supervisors, and the general public" because he is "hyperalert and suspicious of others." He also concluded Plaintiff "may be mildly impaired" in "[h]is mental ability to understand, remember and follow instructions;" and "moderately impaired" in his abilities to "maintain attention, concentration and persistence in the performance of routine tasks," and to "withstand the stress and pressure of day-to-day work activity." Plaintiff "appears to need assistance in handling funds if awarded due to his chronic marijuana use" and unstable sobriety. ECF No. 12 at PageID #: 374. Dr. Smith assigned Plaintiff a GAF score of 52 and diagnosed him with post-traumatic stress disorder (PTSD), alcohol abuse, and cannabis dependence. ECF No. 12 at PageID #: 373-74.

The Court agrees with the magistrate judge that the ALJ in fact gave good reasons for affording Dr. Smith's opinion limited weight. ECF No. 17 at PageID #: 506. *Dykes ex rel.*

*Brymer v. Barnhart*, 112 F. App'x 463, 468 (6th Cir. 2004) (ALJ's failure to discuss a consultative examiner's opinion is harmless where his treatment if the opinion is supported by substantial evidence). The ALJ expressly discussed Dr. Smith's "evidence regarding the claimant's mental impairments," which would include Plaintiff's ability to withstand the stress and pressure of day-to-day work activity. The ALJ, however, gave limited weight to Dr. Smith's mental impairment findings because "Dr. Smith opined that the claimant has a Global Assessment of Functioning score of 52 and it is not clear how he considered the claimant's substance use when formulating the score." ECF No. 12 at PageID #: 87. Here, when the record contains ample evidence supporting the ALJ's conclusion that Plaintiff is not disabled, neither reversal nor remand is warranted.

**C. Hypothetical Questions Posed to the VE and the ALJ's Concentration, Persistence, and Pace Assessment**

Plaintiff's third objection is that the ALJ's RFC assessment and hypothetical questions posed to the VE did not account for his "moderate" deficit in concentration, persistence or pace that the ALJ found. ECF No. 18 at PageID #: 517-521. This objection is without merit. The ALJ asked the VE to consider a hypothetical claimant who "could perform simple, routine type tasks" without a need for a "high production quota" and where "superficial interaction with others is okay." ECF No. 12 at PageID #: 117. The ALJ accurately characterized Plaintiff's impairments in the hypothetical question posed to the VE. Moreover, the ALJ adequately accounted for Plaintiff's assessed mental limitations in her RFC finding.

In *Smith v. Halter*, 307 F.3d 377 (6th Cir. 2001), the Sixth Circuit upheld the ALJ's failure to include a concentration impairment in a hypothetical based upon the opinion of one out

of five experts. *Id.* at 379. It held that an RFC limited to routine tasks that did not involve high production quotas adequately accounted for difficulties in maintaining concentration, persistence, and pace. *Id.* Specifically, the court found that the ALJ's restrictions against jobs with quotas adequately addressed the issue of timely completion of work associated with deficiencies in concentration. *Id.* In the RFC assessment in the case at bar, the ALJ precluded Plaintiff from work with high production standards or quotas, affording considerable weight to the findings of Drs. Haskins, Hoffman, and Smith, the state agency psychologists. ECF No. 12 at PageID #: 84, 86-87. Therefore, the ALJ provided for "additional limitations" in the RFC finding as required by *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), and its progeny. The ALJ's hypothetical and subsequent ruling were not flawed. *See* *Walker v. Comm'r of Soc. Sec.*, No. 5:12CV1788, 2013 WL 5279077, at *9 (N.D. Ohio Sept. 18, 2013) (Knepp, MJ) (finding Plaintiff's contention that the mental limitations in ALJ's hypothetical restrictions were insufficient lacked merit).

**D. Plaintiff's Treating Psychiatrist Dr. Ahn**

Finally, Plaintiff argues that the reasons given in the ALJ's decision for discounting the opinions of Dr. Ahn were not good reasons. ECF No. 18 at PageID #: 522- 24.

As a treating source, a special rule applied to the opinions of Dr. Ahn. In particular, the ALJ was required to give his opinions "controlling weight" if she found "the opinion[s] 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting former 20 C.F.R. § 404.1527(d)(2) now §

404.1527(c)(2)); *see also* *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). And, under the treating-source rule, where an ALJ finds that a treating physician's opinion is not entitled to "controlling weight," there remains a rebuttable presumption that the opinion is entitled to "great deference." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007); *see also* SSR 96-2p, 1996 WL 374188, at *4. To rebut the presumption, the ALJ must show that substantial evidence supports not deferring to the treating source. *See* *Rogers*, 486 F.3d at 246. Further, a procedural right accompanies the deference owed to treating sources: the ALJ must provide the claimant and a reviewing court with "good reasons" for not deferring to a treating-source opinion. *See* *Gayheart*, 710 F.3d at 376; *Rogers*, 486 F.3d at 243; *Wilson*, 378 F.3d at 544.

According to the ALJ,

> The opinion provided by Byong Ahn, M.D., that the claimant has a Global Assessment of Functioning score of only 40, is given no weight. Dr. Ahn's treating records show improvement with medication treatment. Furthermore, many of the claimant's complaints were situational and related to family matters, rather than psychopathology.

ECF No. 12 at PageID #: 87. A review of the record demonstrates that the ALJ properly considered the requisite factors under 20 C.F.R § 404.1527(d) in deciding to discount Dr. Ahn's GAF score. The ALJ afforded Dr. Ahn's GAF score no weight because it was inconsistent with (1) Dr. Ahn's assessments of Plaintiff after continued treatment and (2) other probative evidence in the record demonstrating Plaintiff's level of functioning.

As properly found by the magistrate judge, the ALJ reasonably discounted the opinions of Dr. Ahn and adequately explained her reasons for doing so. *See* ECF No. 12 at PageID #: 86-87. Substantial evidence supports the limited weight the ALJ afforded to Dr. Ahn's opinions.

**III.**

Accordingly, the Report and Recommendation (ECF No.17) of the Magistrate Judge is hereby adopted and the Plaintiff's Objections (ECF No. 18) are overruled. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

March 24, 2014
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge